# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PHELPS,<br><br>Plaintiff,<br><br>v.<br><br>ALEX KOZIOL, et al.,<br><br>Defendants. | Case No.  1:14-cv-00689-LJO-SAB<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS; AND DIRECTING PLAINTIFF TO FILE A COMPLETED APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(ECF Nos. 1, 2)<br><br>THIRTY-DAY DEADLINE |

On May 9, 2014, Plaintiff Daniel Phelps, proceeding pro se, filed these consolidated actions against Defendants Alex Koziol, Paul Novoa, Victoria A. Siegel, Amanda Boshma, Muhammad Bilal, Jennifer A. Hernandez, Marco Torres, Billy Case, and Daniel K. Schwanz alleging violations of the Fair Trade Act.  Plaintiff also filed an application to proceed in forma pauperis in each case.

## I.

## SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted.   In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).

1

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff contends that the defendants are involved in operating an illegal repair shop at 6223 N. Blackstone, Fresno, California under the name North Fresno Collision and Repair and NFCC, Inc. DBA North Fresno Collision. (Compl., ECF No. 1.) Plaintiff states that in operating the repair shop the defendants have illegally placed a restraining order against him violating his right to free trade. (Id.)

## III.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Pursuant to 28 U.S. C. § 1331, federal courts have original over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which

1  provides that federal jurisdiction exists only when a federal question is presented on the face of

2  the plaintiff's properly pleaded complaint."   <u>Republican Party of Guam</u>, 277 F.3d at 1089

3  (citations omitted).

4  District courts also have original jurisdiction of all civil actions between citizens of

5  different States in which "the matter in controversy exceeds the sum or value of $75,000,

6  exclusive of interest and costs."   28 U.S.C. § 1332(a).   This requires complete diversity of

7  citizenship and the presence "of a single plaintiff from the same State as a single defendant

8  deprives the district court of original diversity jurisdiction over the entire action."   <u>Abrego</u>

9  <u>Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

10  **IV.**

11  **DISCUSSION**

12  For this action to arise under federal law, Plaintiff must establish that "federal law creates

13  the cause of action" or his "asserted right to relief depends on the resolution of a substantial

14  question of federal law."   <u>K2 America Corp. v. Roland Oil & Gas, LLC</u>, 653 F.3d 1024, 1029

15  (9th Cir. 2011).   Plaintiff's allegations of violation of the Fair Trade Act are not created under

16  federal law.[1]   Plaintiff brings this action asserting violations of California law over which this

17  Court does not have original jurisdiction.

18  Plaintiff complains that private individuals have illegally placed a restraining order on

19  him which has violated his right to free trade.   While the Court is to liberally construe the

20  pleadings of pro se litigants, <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212 (9th Cir. 2012), there is no

21  reasonable interpretation of the allegations contained in the complaint that would lend itself to a

22  violation that arises under the Constitution, laws or treaties of the United States.   Plaintiff does

23  not set forth claims that would confer original federal jurisdiction under 28 U.S.C. § 1331.

24  Therefore, the Court lacks subject matter jurisdiction over this matter pursuant to section 1331.

25  In order to plead a claim by virtue of diversity of citizenship, Plaintiff is required to plead

26  the essential elements of diversity jurisdiction.   <u>Bautista v. Pan American World Airlines, Inc.</u>,

27

28  [1] In 1975 Congress repealed the Miller-Tydings Fair Trade Act.  <u>Leegin Creative Leather Products, Inc. v. PSKS, Inc.</u>, 551 U.S. 877, 904-05 (2007).

1   828 F.2d 546, 552 (9th Cir. 1987).  Plaintiff has not set forth his residency or the residency of

2   any of the defendants named in this action, nor has he set forth the damages sought in the

3   complaint.  Plaintiff has failed to allege facts to show that diversity jurisdiction exists in this

4   action.  Plaintiff's complaint does not state sufficient facts to find that diversity jurisdiction

5   exists pursuant to section 1332.

6          As Plaintiff has failed to show that this Court has subject matter jurisdiction over his

7   claims this complaint shall be dismissed for lack of jurisdiction.  A pro se litigant's complaint

8   should not be dismissed "without leave to amend 'unless it is absolutely clear that the

9   deficiencies of the complaint cannot be cured by amendment.' "  Akhtar, 698 F.3d at 1212

10  (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).  Plaintiff shall be

11  granted an opportunity to file an amended complaint and the Court advises Plaintiff of the

12  following requirements under the Federal Rules of Civil Procedure regarding the general

13  formatting of his complaint.

14         Plaintiff's complaint must contain "a short and plain statement of the claim showing that

15  [Plaintiff] is entitled to relief."  Federal Rule of Civil Procedure 8(a)(2).  While Rule 8 only

16  requires a short and plain statement of the claim, Plaintiff's claims must be facially plausible,

17  which requires sufficient factual detail to allow the Court to reasonably infer that each named

18  defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret

19  Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted

20  unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability"

21  falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

22         "Each allegation must be simple, concise, and direct."  Federal Rule of Civil Procedure

23  8(d)(1).  A party must state its claims or defenses in numbered paragraphs, each limited as far as

24  practicable to a single set of circumstances."  Federal Rule of Civil Procedure 10(b).  "[E]ach

25  claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

26  Federal Rule of Civil Procedure 10(b).

27         As discussed above, in his amended complaint Plaintiff should identify the federal basis

28  for the claims that he is bringing in this action.  Plaintiff must state sufficient factual allegations

4

1  against each defendant for the Court to determine that the defendant is liable for the conduct
2  alleged.  Finally, Plaintiff needs to set forth his claims against all the defendants in this action in
3  a single complaint.

4                                                      **V.**

5                      **APPLICATION TO PROCEED IN FORMA PAUPERIS**

6         Along with his complaint, Plaintiff filed an application to proceed in forma pauperis
7  pursuant to 28 U.S.C. § 1915.  The Court has reviewed Plaintiff's application to proceed in
8  forma pauperis in all consolidated actions.  Plaintiff has failed to adequately complete his
9  application to proceed in forma pauperis.  Plaintiff did not provide information on the date of his
10 last employment, amount of his take home salary and wages and pay period ,and the name and
11 address of his last employer.  Further, Plaintiff stated that he is receiving disability or workmen's
12 compensation benefits, but did not provide the amount that he receives.  For these reasons,
13 Plaintiff's application to proceed in forma pauperis is denied and Plaintiff shall be ordered to file
14 a properly completed and signed application or submit the $400.00 filing fee to proceed in this
15 action.

16                                                     **VI.**

17                             **CONCLUSION AND ORDER**

18        Based upon the foregoing, the Court finds that Plaintiff's complaint fails to allege facts to
19 show that federal jurisdiction exists in this action.  The Court will provide Plaintiff with the
20 opportunity to file an amended complaint curing the deficiencies identified by the Court in this
21 order.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule
22 that leave to amend should be granted even if no request to amend was made unless the court
23 determines that the pleading could not possibly be cured by the allegation of other facts); Noll v.
24 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend
25 complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by
26 amendment).

27        Plaintiff is advised that Local Rule 220 requires an amended complaint to be complete in
28 itself without reference to the prior or superseded pleading.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's complaint is dismissed, with leave to amend, for lack of jurisdiction;

2.   Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;

3.   Plaintiff's application to proceed in forma pauperis is DENIED;

4.   The Clerk of the Court is DIRECTED to send Plaintiff an application to proceed in forma pauperis;

5.   Within thirty days from the date of service of this complaint, Plaintiff shall file a properly completed application to proceed in forma pauperis or pay the filing fee in the amount of $400.00; and

6.   If Plaintiff fails to file an amended complaint and application to proceed in forma pauperis or pay the filing fee in compliance with this order, this action will be dismissed.

IT IS SO ORDERED.

Dated:   **May 20, 2014**

UNITED STATES MAGISTRATE JUDGE