# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PHELPS,<br><br>    Plaintiff,<br><br>v.<br><br>ALEX KOZIOL, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00689-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 6)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On May 9, 2014, Plaintiff Daniel Phelps, proceeding pro se, filed these consolidated actions against Defendants Alex Koziol, Paul Novoa, Victoria A. Siegel, Amanda Boshma, Muhammad Bilal, Jennifer A. Hernandez, Marco Torres, Billy Case, and Daniel K. Schwanz alleging violations of the Fair Trade Act. Plaintiff also filed an application to proceed in forma pauperis in each case. The complaint was screened and on May 21, 2014, an order issued dismissing the complaint for failure to state a claim and denying Plaintiff's application to proceed in forma pauperis. Plaintiff was provided with the relevant legal standards and was ordered to file an amended complaint and an amended application to proceed in forma pauperis within thirty days. More than thirty days have passed and Plaintiff has failed to file an amended complaint, an amended application to proceed in forma pauperis, or otherwise respond to the Court's May 21, 2014 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all

sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). Plaintiff has failed to file an amended application to proceed in forma pauperis or to pay the filing fee as required by the May 21, 2014 order. Therefore, Plaintiff's complaint shall be dismissed.

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiff was ordered to file an amended complaint that complied with the Federal Rules of Civil Procedure within thirty days of May 20, 2014. Plaintiff has been provided with the legal standards that would apply to his claims and the opportunity to file an amended complaint. Plaintiff has neither filed an amended

1 complaint nor otherwise responded to the Court's order.  Plaintiff's failure to comply with the
2 orders of the Court hinders the Court's ability to move this action towards disposition, and
3 indicates that Plaintiff does not intend to diligently litigate this action.

4       Since it appears that Plaintiff does not intend to litigate this action diligently there arises a
5 rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447,
6 1452-53 (9th Cir. 1994).  This risk of prejudice may be rebutted if Plaintiff offers an excuse for
7 the delay.  In re Eisen, 31 F.3d at 1453.  The risk of prejudice to the defendants also weighs in
8 favor of dismissal.

9       The public policy in favor of deciding cases on their merits is greatly outweighed by the
10 factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This
11 action can proceed no further without Plaintiff's cooperation and compliance with the order at
12 issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  In this
13 instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

14       Finally, a court's warning to a party that their failure to obey the court's order will result
15 in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;
16 Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's May 20, 2014, order
17 requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an
18 amended complaint in compliance with this order, this action will be dismissed, with prejudice, for
19 failure to state a claim."  (ECF No. 6 at 3.)  Thus, Plaintiff had adequate warning that dismissal
20 would result from his noncompliance with the Court's order and his failure to state a claim.

21       Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED, with
22 prejudice, for Plaintiff's failure to state a claim and failure to comply with the order directing
23 Plaintiff to file an amended application to proceed in forma pauperis.

24       These findings and recommendations are submitted to the district judge assigned to this
25 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen
26 (14) days of service of this recommendation, any party may file written objections to these
27 findings and recommendations with the Court and serve a copy on all parties.  Such a document
28 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

1 district judge will review the magistrate judge's findings and recommendations pursuant to 28
2 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time
3 may waive the right to appeal the district judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
4 Cir. 1991).

IT IS SO ORDERED.

   Dated:  **June 25, 2014**

   _____
   UNITED STATES MAGISTRATE JUDGE